WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Michael Don Greene,

Plaintiff,

v.

United States of America,

Defendants.

No. CV-14-08021-PHX-JAT

**ORDER**

Pending before the Court is Defendant United States of America's (the "United States") Motion to Dismiss (Doc. 13). The Court now rules on this Motion.

**I.    MOTION TO DISMISS**

The United States moves to dismiss Mr. Greene's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1).

**A.    Background**

Mr. Greene and his former wife ("the Greenes") filed a joint 1990 tax return on or about March of 1991. (Doc. 1 at 2). The joint return was a 1040 tax return which reflected an adjusted gross income ("AGI") of $74,714.42, a taxable income of $44,968.00, and withholding credits of $9,803.76. *Id.* The Greenes reported a tax liability of $8,450.00 in the 1040 return, and received a refund of $934.00. (Doc. 13-1 at 3). Mr. Greene also filed a corporate return for the 1990 taxes of his 100% personally-owned corporation, MDG Inc. (Doc. 1 at 2).

In 1992, the Internal Revenue Service ("IRS") opened an examination of the Greenes' 1990 tax returns. (Doc. 1 at 2). The IRS completed its examination of the 1990 tax returns in 1997. *Id.* After the examination, IRS account records reflected the Greenes' 1990 AGI as -$493,879.58 with a taxable income of $0.00. *Id.* The 1990 IRS examination work-papers also alleged unreported income of $888,496.75 to MDG Inc. *Id.* at 3. The IRS issued a Statutory Notice of Deficiency reflecting a deficiency of $269,830.00, a fraud penalty of $191,939.00, and an accuracy penalty of $2,782.00. (Doc. 13-1 at 4).

The IRS determined that Mrs. Greene was not liable for the entire tax liability resulting from the 1990 Notice of Deficiency. (Doc. 13-1 at 4). Thus, the IRS assessed taxes on two separate accounts: one Joint Master File account, and one separate Non-Master File account ("NMF 1") for Mr. Greene individually. *Id.* at 4–5. An amount of approximately $202,000.00 was assessed to the Joint Master File account of Mr. and Mrs. Greene. *Id.* at 5. The remaining portion of the deficiency, approximately $350,000.00, was assessed to the separate NMF 1 account under Mr. Greene's name only. *Id.* After the IRS applied the assessment to the Joint Master File account, the IRS granted Mrs. Greene innocent spouse relief from the joint and several liability. *Id.* The full liability of the Joint Master File was then transferred to a second separate Non-Master File account ("NMF 2") against Mr. Greene only. *Id.* Thus, the liability shown on the Joint Master File account was reduced to $0.00. *Id.* After Mrs. Greene received innocent spouse relief, "Mr. Greene's liability was tracked in the two separate assessment files, NMF 1 and NMF 2." *Id.*

In 2012, the United States and Mr. Greene settled a refund suit for Mr. Greene's 1995 tax year. (Doc. 13-1 at 6). "The liability tracked in NMF 2 was paid in full" when $170,124.00 of the settlement amount was offset against Mr. Greene's 1990 tax liability. (Doc. 17 at 5). Meanwhile, NMF 1 has an outstanding balance of $761,101.46 with more interest accruing daily. (Doc. 13-1 at 6).

Mr. Greene filed the instant suit seeking a refund for the $170,124.00 offset against NMF 2. (Doc. 1 at 5).

### B.      Legal Standard

#### 1.      Rule 12(b)(1)

Rule 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) *abrogated by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

An allegation of lack of subject matter jurisdiction may be raised at any time by the parties or the court. Fed. R. Civ. P. 12(h)(3). A Rule 12(b)(1) motion to dismiss "for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979). In resolving a "speaking motion" or "factual attack" under Rule 12(b)(1), the court is not limited to the allegations in the pleadings if the jurisdictional issue is separable from the merits of the case. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Instead, the court may view evidence outside the record, and no presumptive truthfulness is due to the complaint's allegations that bear on the subject matter jurisdiction of the court. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Indeed, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Id.* However, if the court resolves a Rule 12(b)(1) motion on declarations alone, without an evidentiary hearing, it must accept the complaint's factual allegations as true. *McLachlan v. Bell*, 261 F.3d 908, 909 (9th Cir. 2001).

#### 2.      Sovereign Immunity, 26 U.S.C. § 7422, and 28 U.S.C. § 1346

"Sovereign immunity limits a federal court's subject matter jurisdiction over actions brought against a sovereign." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1015 (9th Cir. 2007) (citing *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th

1    Cir. 2006)). To maintain an action against the United States, "[a] waiver of the Federal

2    Government's sovereign immunity must be unequivocally expressed in statutory text, and

3    will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citation omitted).

4          District courts have original jurisdiction over an action "against the United States

5    for the recovery of any internal-revenue tax alleged to have been erroneously or illegally

6    assessed or collected, or any penalty claimed to have been collected without authority or

7    any sum alleged to have been excessive or in any manner wrongfully collected under the

8    internal-revenue laws." 28 U.S.C. § 1346(a)(1). This statute "must be read in conformity

9    with other statutory provisions which qualify a taxpayer's right to bring a refund suit

10   upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601

11   (1990). The relevant qualifying provision for the case at hand is 26 U.S.C. § 7422(a).

12          This provision limits the right to bring suit under § 1346(a)(1) by not allowing

13   suits

> "in any court for the recovery of any internal revenue tax alleged to have
> been erroneously or illegally assessed or collected, or of any penalty
> claimed to have been collected without authority, or of any sum alleged to
> have been excessive or in any manner wrongfully collected, until a claim
> for refund or credit has been duly filed with the Secretary, according to the
> provisions of law in that regard, and the regulations of the Secretary
> established in pursuance thereof."

18   26 U.S.C. § 7422(a). Along with the statutory provisions, the Supreme Court introduced

19   other requirements which qualify a taxpayer's right to bring a refund suit. Particularly,

20   the Supreme Court set forth a full-payment requirement in *Flora*. *Flora v. United States*,

21   357 U.S. 63, 72 (1958) [hereinafter *Flora I*].

### 3.    The Full-Payment Requirement

#### a.    The *Flora* Standard — Generally

24       A district court has jurisdiction under 28 U.S.C. 1346(a)(1) of a suit by a taxpayer

25   for the refund of income tax payments if the taxpayer has paid the full amount of the

26   assessment. *Flora v. United States*, 362 U.S. 145, 146 (1960) [hereinafter *Flora II*]

27   ("Reargument has not changed our view that this language reflects an understanding that

28   full payment of the tax was a prerequisite to suit."); *Thomas v. United States*, 755 F.2d

728, 729 (9th Cir. 1985) ("Ordinarily, there is no jurisdiction in the district courts over suits for the refund of penalty amounts paid until the taxpayer has paid the *full amount* of the contested penalty assessment").

### b.    The *Flora* Standard — The "Assessment"

In *Flora II*, the Supreme Court provided some guidance as to what constitutes an "assessment" for jurisdictional purposes under § 1346(a)(1). *See Flora II*, 362 U.S. at 149. In its analysis of the statute's language, the Court concluded "that the phrase 'any internal-revenue tax' can readily be construed to refer to payment of the entire amount of assessment." *Id.*

The Court also relied heavily on "carefully considered dictum" in a previous decision, *Cheatham*. *Flora I*, 357 U.S. at 68 (citing *Cheatham v. United States*, 92 U.S. 85 (1875)). The Court determined that § 1346(a)(1) was "not designed to effect any change relevant to the Cheatham rule" and the "language in opinions . . . after Cheatham is consistent with the Cheatham statement." *Flora II*, 362 U.S. at 155–56.

#### i.    The *Cheatham* Opinion Regarding "Assessments"

In *Cheatham*, the plaintiff paid money to the defendant which was assessed as income tax in 1865. *Cheatham*, 92 U.S. 85, 85 (1875). The plaintiff appealed from this assessment to the Commissioner of Internal Revenue. *Id.* In 1867, the Commissioner rendered a decision to set aside the assessment and directed an assessor to make a new one. *Id.* The Supreme Court recognized the second assessment as "an entirely new and distinct assessment." *Id.* at 87. The Court reasoned that the new assessment was distinct because it was made by new rules and the commissioner set aside the original without modification. *Id.* Because the assessment was "new and distinct", the Court stated that "plaintiffs had an undoubted right to appeal" from this assessment. *Id.*

#### ii.    The *Maryland Casualty* Opinion Regarding "Assessments"

Though the Supreme Court did not need to reference it directly in either *Flora* decision, its opinion in *Maryland Casualty Co. v. United States*, 251 U.S. 342, 354

- 5 -

(1920) demonstrates a limit to what constitutes a separate assessment for a tax refund claim. In *Maryland Casualty*, the Commissioner of Internal Revenue filed amended returns. *Maryland Casualty Co. v. United States*, 251 U.S. 342, 354 (1920). The returns were "denominated 'amended returns,' and . . . in each case the purpose and effect of them was to increase the payment which the claimant was required to make under the law and the payments made on the original returns were credited on the amounts computed as due on the returns as amended." *Id.* The Supreme Court found *Cheatham* inapplicable, rejecting the argument that the amended returns constituted new assessments. *Id.* The Court also rejected the argument that the amendments were based upon a different principle from the original returns. *Id.* Because the amendments were not new assessments, the Court stated that the amendments did not "release the claimant from its entire failure to observe the statutory requirement." *Id.*

### iii.    Internal Revenue Service References Regarding "Assessments"

The IRS provides multiple references applicable to resolving the jurisdictional issue in the instant case. Particularly, the IRS provides references applicable to determining whether Mr. Greene has paid the full amount of the assessment.

Section 34.1.1.2 of the Internal Revenue Manual provides "[t]axpayers may challenge the validity of the Service's tax determination by paying the disputed tax and commencing a suit for a refund."[1] The manual goes on to provide that "it may be necessary for the Service to assert a counterclaim against the taxpayer for any unpaid tax liability that should be made part of the lawsuit." *Id.*

The IRS Transaction Pocket Guide also provides some background directly applicable to the instant case. Specifically, it states "[u]nlike the Master File, where all assessments for the same tax period are posted to one account, a [Non-Master File] account is established for each assessment. Therefore, the [Non-Master File] taxpayer

---

[1] Internal Revenue Manual § 34.1.1.2 (2004) (citing 26 U.S.C. § 7422 and 28 U.S.C. § 1346)

1    may have several accounts for the same tax period."[2]

2         **C.**    **Analysis**

3         The United States moves to dismiss Mr. Greene's claim for lack of subject matter

4    jurisdiction. (Doc. 13). Particularly, the United States contends that the District Court

5    does not have subject matter jurisdiction because of Mr. Greene's alleged failure to

6    satisfy I.R.C § 7422 and *Flora*. (Doc. 13-1 at 6).  The United States argues that *Flora*

7    requires Mr. Greene to pay the full taxes, interests, and penalties in both the NMF 1

8    account and the NMF 2 account for the 1990 tax year prior to bringing suit. *Id.* at 7. In

9    response, Mr. Greene contends that *Flora* only requires full payment of the NMF 2

10   account liability because he only brought a refund suit for that amount. (Doc. 15 at 6).

11        *Flora* clearly requires full payment of the assessment as a prerequisite to suit. *See*

12   *Flora II*, 362 U.S. at 149. However, whether Mr. Greene's settlement, which paid the

13   NMF 2 account liability in full, satisfies the full-payment requirement is at issue here.

14   Similar to the Supreme Court's approach in *Flora*, the Court now considers the carefully

15   considered dictum in *Cheatham* and *Maryland Casualty* to resolve the assessment issue

16   in the instant case.

17        In *Cheatham*, the Commissioner of Internal Revenue set aside an original

18   assessment and directed another assessment to be made by the assessor for the same tax

19   year. *Cheatham*, 92 U.S. 85, 85 (1875). Furthermore, the Commissioner in *Cheatham* did

20   not modify the original assessment. *Id.* at 87. The assessments in *Cheatham* were

21   considered "new and distinct." *Id.* In the instant case, the IRS initially assessed the 1990

22   taxes on two separate accounts. (Doc. 13-1 at 5). The IRS set aside an original assessment

23   for which only Mr. Greene was held liable in the NMF 1 account. *Id.* A second

24   assessment was later made against Mr. Greene and placed into the NMF 2 account. *Id.*

25   The two accounts were created by the IRS to separately track Mr. Greene's liability. *Id.*

26        In *Maryland Casualty*, the Commissioner of Internal Revenue filed amended

27   _____

28       [2] Internal Revenue Service, Department of the Treasury, Transaction Pocket Guide, Doc. 10978 (Rev. 12-99)

returns which were specifically denominated "amended returns." *Maryland Casualty*, 251 U.S. at 354. Furthermore, the amended returns were created with the purpose and effect of increasing the payments necessary on the original returns. *Id.* In the instant case, the IRS tracked Mr. Greene's liability in separate "assessment files," the NMF 1 account and the NMF 2 account. (Doc. 13-1 at 5). The IRS assessed the NMF 2 account liability against Mr. Greene individually as a result of his ex-wife's innocent spouse relief from their joint liability. *Id.* Thus, the Court is persuaded that NMF 2 was not created with the purpose and effect of increasing the payment required under NMF 1.

The IRS created multiple Non-Master File accounts in the instant dispute. (Doc. 13-1 at 5). Pursuant to the language in the IRS guidebook, a Non-Master File account is established for each assessment and the taxpayer may have several accounts for the same tax period.[3]

Based on the specific alleged facts in the instant case, the Court finds the NMF 1 and NMF 2 accounts to be sufficiently separate assessments for jurisdictional purposes. Because NMF 2 is the only assessment at issue in this case and the 2012 settlement paid the NMF 2 liability in full, the *Flora* full payment requirement is satisfied. The full-payment requirement was the only disputed prerequisite to I.R.C. § 7422 in this case. In light of 28 U.S.C. § 1346(a)(1) and I.R.C. § 7422, and because all of the prerequisites for suit for a tax refund under I.R.C. § 7422 are satisfied, the United States statutorily waived its sovereign immunity in this case.

In sum, the Court finds the alleged facts sufficient to give it subject matter jurisdiction over the NMF 2 tax refund overpayment claim. Therefore, the Court denies the United States' motion to dismiss for lack of subject matter jurisdiction.

## II.   CONCLUSION

Based on the foregoing,

---

[3] Internal Revenue Service, Department of the Treasury, Transaction Pocket Guide, Doc. 10978 (Rev. 12-99)

**IT IS ORDERED** that United States' Motion to Dismiss (Doc. 13) is DENIED.

Dated this 24th day of November, 2014.

James A. Teilborg
Senior United States District Judge